# N THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. MALARIK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-576 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti |
| | ) | Magistrate Judge Cathy Bissoon |
| ALLEGHENY COUNTY DISTRICT | ) | |
| ATTORNEYS OFFICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by James Malarik be

dismissed and that a certificate of appealability be denied.

### II.  REPORT

James Malarik ("Malarik" or "Petitioner") was convicted of Simple Assault and Criminal

Mischief on May 5, 2006, and was sentenced to one year of probation for Simple Assault, and no

further penalty for Criminal Mischief.  The charges arose from a confrontation between Malarik

and a bus driver on November 15, 2005, during which Malarik punched the bus driver and broke

a window on the door of the bus.  Malarik filed a direct appeal and, when his conviction and

sentence were affirmed, a petition pursuant to the Post Conviction Relief Act.  Relief was again

denied.  The instant petition was filed on April 28, 2008, and the following claims are presented

therein:

> 1.  Evidence of an alleged verbal altercation between Malarik and
>     the bus driver that allegedly occurred one month before the
>     alleged assault was not provided to his counsel prior to trial.
>
> 2.  A video showed no assault against the bus driver by Malarik.

3.   A video shows no damage to the bus caused by Malarik.

(Doc. 5, pp. 6-9).

The Court will dispense with a discussion of exhaustion and procedural default, as it is clear that the instant petition should be denied on its merits.

## A.   Analysis

A federal court may not issue a writ of habeas corpus unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. § 2254(d)(1);  Williams v. Taylor, 529 U.S. 362, 411 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

First, Petitioner asserts that evidence of an altercation he had with the bus driver a month before the assault was withheld from him prior to trial, and that it was improperly admitted during trial.  The state court determined that this evidence was, in fact, disclosed by the prosecution prior to trial, and it was admitted at trial over defense objection.  The state court's factual finding that the evidence was disclosed is supported by the record, and is binding on this Court.  28 U.S.C. § 2254(e)(1).  And, in any event, this merely is a claim concerning the propriety of the trial court's interpretation of state evidentiary law and, therefore, fails to raise a cognizable federal habeas corpus claim in this Court.   See Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997) (federal court limited to deciding issues of constitutional dimension); Geschwendt v. Ryan, 967 F.2d 877, 888-89 (3d Cir.1992); Hawkins v. Carroll, No. 03-1165-KAJ, 2005 WL 3336538 at *3 (D.Del. Dec.8, 2005) (finding a violation of state evidentiary law

is not cognizable in a federal habeas proceeding); McLaughin v. Carroll, 270 F.Supp.2d 490, 514 (D.Del.2003) (same).

In his remaining claims, Petitioner challenges his incarceration on the ground that the evidence was insufficient to support a conviction. When a petitioner attacks the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326. Accord Moore v. Deputy Commissioner(s) of SCI-Huntington, 946 F.2d 236, 243 (3d Cir. 1991), cert. denied, 503 U.S. 949 (1992). A federal court must apply this standard "'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" Orban v. Vaughn, 123 F.3d 727, 731 (3d Cir. 1997)(quoting Jackson, 443 U.S. at 324 n.16). It is the finder of fact, however, who weighs the evidence, and the federal courts must defer to the fact finder's resolution of conflicts in the evidence. Jackson, 443 U.S. at 326.

The test for sufficiency of evidence is the same under both Pennsylvania and federal law. See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993); Commonwealth v. Bricker, 525 Pa. 362, 581 A.2d 147 (1990) (an appellate court must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offenses charged). The Superior Court of

Pennsylvania addressed Petitioner's sufficiency claim with respect to the crime of Simple

Assault as follows:

> A person is guilty of simple assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A. §2701(a)(1). In this case, Appellant punched the victim in the nose and face. Because of the angle at which Appellant struck the seated victim, both a bloody nose and a neck and shoulder injury resulted. The jury was free to conclude that Appellant intended the "natural and probable consequences" of his actions in punching a seated victim. The jury was also free to conclude that Appellant acted "intentionally, knowingly or recklessly" in causing the victim's injuries. We agree with the trial court that the evidence was sufficient to sustain Appellant's conviction on the charge of simple assault.

(Doc. 9, Comm. Ex. 28, pp. 10-11).

Next, the summary offense of Criminal Mischief is defined as an intentional action causing less than $150 in damage to property. 18 Pa.C.S.A. §3304. The trial court recounted the victim's testimony that, after being struck Malarik:

> [the victim] pulled his emergency brake, which locked the doors, and radioed his dispatcher. In attempting to open the door, [Malarik] broke the window. When he could not get the door open, [Malarik] returned to his seat in the middle of the bus.

(Doc. 9, Comm. Ex. 24, p. 2). This was found sufficient to support a conviction

of the summary offense of Criminal Mischief.

Even if, as Malarik asserts, the video introduced at trial failed to establish the assault or

the damage to the bus, the jury could properly rely upon the testimony of the bus driver to

conclude that the crimes charged had, indeed, occurred. The state court's conclusion that the

evidence was sufficient to support Petitioner's convictions is neither contrary to, nor an

unreasonable application of federal law.

### B.        Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).  Because Malarik has not made such a showing, a certificate of appealability should be denied .

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before January 5, 2009.  Failure to timely file objections may constitute a waiver of any appellate rights.


s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge


Dated: December 17, 2008


cc:
JAMES M. MALARIK
130218
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100